NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

In re:

LEVEL 8 APPAREL, LLC,

      Debtor.

----------------------------------------------------------------------x

ANGELA TESE-MILNER, as Trustee of the
Estate of Level 8 Apparel, LLC, Debtor,

      Plaintiff,

-against-

BON SEUNG KIM, a/k/a Sam Kim, a/k/a Scott Kim,
KUK JA KIM,
BOKYOUNG KIM,
FRANK SPADARO,
RICHARD ALOISI,
PETER LEWIS,
JUNGE CHAE,
JENNIFER SENGER,
CARLOS QUINTILIANI,
ON FIVE CORPORATION,
LIAISON APPAREL CORPORATION,
CAPSTONE CAPITAL GROUP, LLC, and
CAPSTONE CREDIT, LLC,

      Defendants.

----------------------------------------------------------------------x

Chapter 7

Case No. 16-13164 (JLG)

Adv. Pro. No. 19-1335 (JLG)

## MEMORANDUM DECISION AND ORDER ON CAPSTONE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**APPEARANCES:**

LAW OFFICE OF WILLIAM F. MACREERY
7 Granite Springs Road
Granite Springs, New York 10527
By:    William F. Macreery, Esq.

-and-

The Law Firm of Tese & Milner
735 Wickham Avenue, P.O. Box 35
Mattituck, New York 11952
By:    Michael M. Milner, Esq.

*Counsel for the Plaintiff-Trustee*

KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
By:    Tracy L. Klestadt
       Andrew C. Brown

*Counsel for Capstone Capital Group, LLC and Capstone Credit, LLC*

HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE:

### Introduction

Before the Court is the motion (the "Motion")[1] of Capstone Capital Group, LLC

("Capstone Capital") and Capstone Credit, LLC ("Capstone Credit" and, together with Capstone

Capital, the "Capstone Defendants") to dismiss, in part, the amended complaint (the "Amended

Complaint")[2] served and filed herein by Angela Tese-Milner (the "Trustee"), as trustee of the

estate of Level 8 Apparel, LLC ("Level 8" or the "Debtor").  The Trustee opposes the Motion

(the "Opposition")[3] and the Capstone Defendants have filed a reply to that Opposition

(the "Reply").[4]  The Court has heard argument from the parties.  For the reasons set forth below,

the Court denies the Motion.

### Background

The Court has previously issued a ruling (the "Previous Ruling")[5] granting Capstone

Capital's motion to dismiss[6] the Trustee's original complaint (the "Original Complaint").[7]  In the

---

[1]   *Memorandum of Law In Support of Defendants Capstone Capital Group, LLC's and Capstone Credit, LLC's Partial Motion to Dismiss Adversary Proceeding* [ECF No. 58].  Citations to "ECF No. ___" refer to documents filed on the electronic docket of the instant Adversary Proceeding (No. 19-1335).  Documents filed in the Debtor's main bankruptcy case or other cases will have the appropriate "Case No." designation before the "ECF No.___" reference.

[2]   *Amended Complaint* [ECF No. 54].

[3]   *Trustee's Memorandum of Law in Opposition to the Partial Motion by Capstone Capital Group, LLC and Capstone Credit, LLC to Dismiss the Amended Complaint in this Adversary Proceeding* [ECF No. 66].

[4]   *Reply Memorandum of Law in Further Support of Defendants Capstone Credit, LLC's and Capstone Capital Group LLC's Partial Motion to Dismiss Adversary Proceeding* [ECF No. 68].

[5]   *Memorandum Decision and Order on Capstone Capital Group, LLC's Motion to Dismiss Adversary Proceeding* [ECF No. 51].  The Court issued a separate opinion denying the motion to dismiss filed by the non-Capstone defendants (the "Insider Defendants").  *See Memorandum Decision and Order on Insider Defendants' Motion to Dismiss Complaint* [ECF No. 52] (the "Insider Opinion").

[6]   *Memorandum of Law in Support of Defendant Capstone Capital Group, LLC's Motion to Dismiss Adversary Proceeding* [ECF No. 7].

[7]   *Complaint* [ECF No. 1].

Original Complaint, Capstone Capital was named in nine of the 24 claims for relief.  The Court

dismissed the Original Complaint in full as to Capstone, with leave to replead.  The Court

assumes familiarity with the Previous Ruling.  The Amended Complaint contains 23 claims for

relief (the "<u>Claims for Relief</u>" or "<u>Counts</u>"), and names the Capstone Defendants in four of these

Counts.  Counts 1 and 18 are relevant to the Motion.  The Capstone Defendants seek to dismiss

Count 18 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("<u>Rule 12(b)(6)</u>")[8] on

the grounds that it fails to state a claim for relief against them.  Separately, Capstone Credit seeks

to dismiss Counts 1 and 18 pursuant to Rule 12(b)(6), but on the grounds that they are barred by

statutes of limitation.  The Court analyzes each of these issues below.

## **<u>Pleading Standards</u>**

Under Rule 12(b)(6), a party may seek to dismiss a complaint "for failure to state a claim

for relief upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion is

"designed to test the legal sufficiency of the complaint, and thus does not require the [c]ourt to

examine the evidence at issue."  *DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996)

(citing *Carey v. Mt. Desert Island Hosp.*, 910 F. Supp. 7, 9 (D. Me. 1995)); *see also Chance v.*

*Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998) (noting that under Rule 12(b)(6), the issue "is not

whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer

evidence to support the claims" (quoting *Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.

1996))).  In resolving a Rule 12(b)(6) motion, courts assess the sufficiency of the complaint in

light of the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure ("<u>Rule 8</u>").[9]

Under Rule 8(a)(2) a complaint must contain "a short and plain statement of the claim showing

---

[8]    Rule 12(b)(6) is made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure
(the "<u>Bankruptcy Rules</u>").

[9]    Rule 8 is made applicable herein by Bankruptcy Rule 7008.

that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*")

(citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)

("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570.

Bar by a statute of limitation is typically an affirmative defense, which the defendant

must plead and prove. *See John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 133

(2008); Fed. R. Civ. P. 8(c). A defendant does not render a complaint defective by pleading an

affirmative defense. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). Accordingly, the possible

existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal

unless the complaint itself establishes the defense. *See Ellul v. Congregation of Christian Bros.,*

774 F.3d 791, 798 n.12 (2d Cir.2014) ("Although the statute of limitations is ordinarily an

affirmative defense that must be raised in the answer, a statute of limitations defense may be

decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.") (citing

*Staehr v. Hartford Fin. Servs. Grp., Inc.,* 547 F.3d 406, 425 (2d Cir.2008)). "Where the dates in

a complaint show that an action is barred by a statute of limitations, a defendant may raise the

affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869

F.2d 160, 162 (2d Cir. 1989); *see also New York v. W. Side Corp.,* 790 F.Supp.2d 13, 28

(E.D.N.Y. 2011) ("[I]t is well-established that a statute of limitations defense may only be

resolved on a pre-answer motion to dismiss where the complaint alleges specific information to

permit such a finding."). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss

3

for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." *Ghartey v. St. John's Queens Hosp.,* 869 F.2d at 162.

## Analysis

## Statute of Limitations Arguments

In reviewing the Motion, the Court first considers whether the statute of limitations bars the Trustee's Claims for Relief against Capstone Credit in Counts 1 and 18.

### First Claim for Relief

In Count 1, the Trustee alleges that the Sales Representative Agreement (the "SRA"), to which Capstone Capital is a party, was a financing device providing for the sale and assignment of the Debtor's assets, including certain Costco receivables and all other accounts receivable, as security for the Debtor's performance under those agreements.  Amended Complaint ¶ 103. Therefore, the Trustee alleges that the SRA created only a security interest (as defined in UCC § 1-201(35)) held by Capstone in the Debtor's assets.  *Id.*  To perfect the security interest, Capstone was required to file an effective financing statement.  *Id.* ¶ 104.  At the time the SRA and other agreements were executed, Capstone Capital and Capstone Credit had a UCC financing statement on file with the New York State Department of State, which had been filed on August 12, 2011 (the "UCC Financing Statement").  *Id.* ¶ 72.  The Trustee alleges that Capstone Capital and Capstone Credit failed to file a continuation statement or otherwise extend the UCC Financing Statement, and that at all times after August 12, 2016, the financing statement had lapsed, and therefore both Capstone Credit and Capstone Capital were unperfected as to any relevant security interests.  *Id.* ¶¶ 74, 105.  The Trustee alleges that the assignment of certain receivables after the lapse of the financing statement, in the amount of $5,428,652.74

4

(the "Unperfected Assignments"), should be avoided as preferential or constructively fraudulent transfers under sections 547 and 548 of the Bankruptcy Code, respectively, and recovered by the Trustee from Capstone Capital and Capstone Credit under section 550(a) of the Bankruptcy Code.  *Id.* ¶ 117.  She also asserts that Costco paid $2,847,855.79 to Capstone Credit (the "Transfers") on account of the Costco agreements that were subject to the Unperfected Assignments.  *Id.* ¶ 83.  Therefore, the Trustee alleges that those Transfers should be avoided as preferential transfers under section 547 of the Bankruptcy Code, and recovered by the Trustee from Capstone Credit under section 550(a) of the Bankruptcy Code.  *Id.* ¶ 118.

### **Arguments of the Parties**

The Capstone Defendants allege that that the Trustee had one year from the date of her appointment on August 23, 2018 to bring the Count 1 claims against Capstone Credit.  11 U.S.C. § 546(a)(1)(B).  As those claims were not brought within that time period, the Trustee alleges that Count 1 is barred as to Capstone Credit.  Motion at 4.

After the Court dismissed Capstone Capital from the Original Complaint, and before the Trustee filed the Amended Complaint, the Trustee sued the Capstone Defendants in this Court (the "Related Adversary Proceeding").[10]  In that action, among other things, the Trustee is seeking to avoid and recover post-petition payments to them pursuant to section 549 of the Bankruptcy Code.  In denying the Capstone Defendants motion to dismiss that claim as time-barred, the Court, *sua sponte,* applied principles of equitable tolling and found that the Trustee had alleged facts that supported equitable tolling of the two-year statute of limitations in section 549 of the Bankruptcy Code (the "Related Ruling").[11]  In her Response to the Motion, the

---

[10]   *Complaint* [20-01208, ECF No. 1].

[11]   *Memorandum Decision and Order on Defendants Capstone Credit, LLC's and Capstone Capital Group, LLC's Motion to Dismiss Adversary Proceeding* [20-01208, ECF No. 27] at 18-19.

Trustee contends, without meaningful analysis, that the doctrine of equitable tolling is applicable

here, because the doctrine applies to extend the one-year limit imposed by section 546(a) of the

Bankruptcy Code, and the relevant facts in the Related Adversary Proceeding are the same facts

that that the Trustee relies on in contending that the defendants concealed the Assignments.

Opposition at 6-7.

In the Reply, the Capstone Defendants do not dispute that "equitable tolling is available

to a plaintiff that adequately alleges either: (i) defendant concealed from plaintiff the existence of

plaintiff's cause of action; or (ii) (x) upon discovering the cause of action, plaintiff commenced

an action within the time period prescribed by the applicable statute of limitations, and

(y) plaintiff's ignorance of the cause of action was not the result of a lack of due diligence on his

part." Reply at 4. However, they deny that it is applicable in this case. First, they contend that

the Trustee misplaces her reliance on the Related Ruling because she has not alleged any

"affirmative acts" by Capstone Credit to conceal the alleged transfers at issue in the Amended

Complaint. *Id.* Further, they argue that the fact that Capstone Credit was listed as a secured

party on the publicly filed UCC Financing Statement undercuts the argument that Capstone

Credit was secretly involved with the Debtor and/or that it concealed its involvement with the

Debtor. *Id.* at 5. They maintain that, as the UCC filing was public, the Trustee cannot show that

her failure to bring a timely cause of action against Capstone Credit was not the result of a lack

of due diligence. *Id.* at 6.

In response to those arguments, at the hearing, the Trustee raised the following points:

- The lapsed filing statement has no independent legal significance in the absence of a
  security agreement that might create a security interest. In fact, it is not unusual for
  financing statements to be filed before a valid security agreement is signed.

- Further, diligent inquiry by the Trustee, including reviewing thousands of pages of
  documents produced by the defendants and the review of the Debtor's records, has not

revealed any document purporting to grant Capstone Credit a security interest in the assets of the Debtor.

- Counsel for the Capstone Defendants stated on the record in this case that Capstone Credit was involved merely for accounting purposes.

- The chapter 11 petition, schedules, SOFA, and affidavit submitted pursuant to Rule 1007-2 to the Court in connection with the original chapter 11 filing make no mention of Capstone Credit. Only Capstone Capital is mentioned, and then as a secured creditor. With respect to prepetition transfers of Capstone Capital listed in the SOFA, it states none, notwithstanding millions of dollars of assignments of Costco receivables to Capstone Credit.

- The list of creditors required by Bankruptcy Rule 521 does not list Capstone Credit.

- The initial notice of appearance filed in this case by Capstone Capital does not mention Capstone Credit.

- The motion to use cash collateral, and to grant Capstone Capital replacement liens, mentioned only Capstone Capital.

- In a hearing on December 20, 2016, counsel for Capstone Capital stated that the financing statement had lapsed, but there was no mention of Capstone Credit.

- The SRA is not signed by Capstone Credit and does not mention it.

- The Debtor's agreements with Costco are not signed by Capstone Credit and do not mention it. As well, subsequent similar agreements signed by Liaison Apparel and Costco do not mention Capstone Credit.

- The proof of claim filed by Capstone Capital made no mention of Capstone Credit. As stated in the hearing on January 29, 2021, counsel for Capstone Credit stated that it was used to facilitate payment of expenses under the SRA. So, Capstone Credit was allegedly funding expenses under the SRA, it its claims or role is not mentioned anywhere in the filed proof of claim.

- Various discovery has been requested and provided, pursuant to orders from the Court, to determine the relationship between the parties with respect to the Costco receivables, but none of this discovery resulted in documents identifying Capstone Credit.

The Trustee argues that, taking these allegations as a whole, there are enough facts to show that

the Capstone Defendants actively concealed the role Capstone Credit played in these cases, and

therefore that equitable tolling should apply to the one-year limitation period under section

546(a) of the Bankruptcy Code.[12]

## Analysis

Section 546(a) of the Bankruptcy Code governs the statute of limitations on avoiding

powers. As relevant, it states, as follows:

(a) An action or proceeding under section . . . 547 [or] 548 . . .of this title may not be
commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee
under section 702 . . . of this title if such appointment or such
election occurs before the expiration of the period specified in
subparagraph (A); or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).  In this case, the application of the limitations period is straightforward.  The

order for relief was entered on November 14, 2016.  Thus, the initial two-year limitations period

expired on November 13, 2018.  The case was converted to one under chapter 7 of the

Bankruptcy Code on August 22, 2018, and the Trustee's appointment was effective on August

23, 2018.  Accordingly, upon the Trustee's appointment, the two-year period in section

546(a)(1)(A) was extended by one year.  *See In re Allied Digital Technologies, Corp.,* 341 B.R.

171, 174 (Del. 2006) ("Subsection (a)(1) allows two years for filing claims after the entry of the

order for relief in the case, unless a trustee is elected or appointed pursuant to specified sections

of the Code.  More precisely, under subsection (a)(1)(B), the two year period may be extended if

---

[12]   For the first time, the Trustee also argued that the claims against Capstone Credit related back to the previous
claims against Capstone Capital under Federal Rule of Civil Procedure 15(c).  This issue was not properly raised by
the Trustee, and therefore does not need to be addressed by the Court.  However, as further described below, the
argument is moot as the Court declines to dismiss Count 1 as to Capstone Credit.

a trustee appointment or election takes place both pursuant to one of the specified statutory sections and before the end of the original two-year period."). As extended, the limitations period lapsed on August 22, 2019, *i.e.*, one year after the Trustee was appointed. The Complaint was filed on August 20, 2019. Capstone Credit was first named as a defendant in the Amended Complaint. The Trustee filed it on February 26, 2021—more than one year after she was appointed. Thus, on the face of the Amended Complaint, the claims against Capstone Credit are time-barred.

The federal law of equitable tolling governs federal causes of action. *Statistical Phone Philly v. NYNEX Corp.*, 116 F. Supp. 2d 468, 482 (S.D.N.Y. 2000). "This equitable doctrine is read into every federal statute of limitation." *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1945). That law was developed in the context of actions based on fraud. *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 45 (2d Cir. 1985) (citing *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875)). "The essence of the doctrine is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action." *Id.* (internal quotation marks omitted) (citation omitted). As relevant, "[e]very court that has considered the issue has held that equitable tolling applies to § 546(a)(1)." *In re United Ins. Mgmt., Inc.*, 14 F.3d 1380, 1385 (9th Cir. 1994) (citing cases). In this circuit, equitable tolling is available to a plaintiff who establishes that:

> (1) the defendant concealed from plaintiff the existence of plaintiff's cause of action; (2) upon discovering the cause of action, plaintiff commenced an action within the time period prescribed by the applicable statute of limitations; and (3) plaintiff's ignorance of the cause of action was not the result of a lack of due diligence on his part.

*Matter of Mediators, Inc.*, 190 B.R. 515, 524 (S.D.N.Y. 1995), *aff'd sub nom. In re Mediators, Inc.*, 105 F.3d 822 (2d Cir. 1997) (citing *State of New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1083 (2d Cir.1988), *cert. denied* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101

9

(1988); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 460 (2d Cir.1974)).  Thus, there are

alternate grounds for a plaintiff to equitably toll the statute of limitations.  Either it can

demonstrate that the alleged fraud was concealed by affirmative acts of the defendant, or, in the

absence of fraudulent concealment by the defendant, the plaintiff can demonstrate that it was

ignorant of the fraud without any fault of lack of diligence or care on its part.  *Id.*  Since the

Motion goes to the adequacy of the pleadings, the Trustee need not prove either prong of the

equitable tolling test.  However, she must demonstrate that, if true, the facts she alleges would

support her assertion that the statute of limitations should be tolled.  *In re Ahead by a

Length,* 100 B.R. 157, 164 (Bankr. S.D.N.Y. 1989).

The Court rejects the Trustee's argument that the equitable tolling argument discussed in

the Related Ruling controls in this case.  The complaint at issue in the Related Adversary

Proceeding includes allegations that are not present in the Amended Complaint and involves

factual issues that are separate and apart from those analyzed in this ruling.  Therefore, the Court

considers whether the Trustee has demonstrated that there are facts that, if true, support the

application of either prong of the test for equitable tolling in this matter.

First the Court considers whether the Trustee has adequately pleaded that Capstone

Credit made an affirmative act of concealment.  The Trustee asserts that "[n]one of the

Pre-Petition Assignments was ever disclosed to the Court or creditors during the Chapter 11

proceedings."  *See* Amended Complaint ¶¶ 79-80.  As noted by Capstone, the Trustee does not

specifically plead an "affirmative act of concealment" in the Amended Complaint and did not

reference such an argument in her Opposition or during the hearing.  Further, although the

Trustee has cited many instances in which the Debtor failed to list Capstone Credit in documents

filed in this case, the Debtor's actions are irrelevant as it is not the defendant in Count 1.

10

*See Matter of Mediators, Inc.*, 190 B.R. at 524 (stating that the first factor was whether "the defendant concealed from plaintiff the existence of plaintiff's cause of action").  Moreover, the fact that the Capstone Capital did not mention Capstone Credit in documents that it filed in the case does not demonstrate active concealment on its part of Capstone Credit's role in the case. First, filing documents solely on its own behalf is consistent with Capstone Capital's position that under the SRA, it owns the accounts receivables.  Further, and in any event, the Capstone Defendants' silence in those documents with respect to Capstone Credit does not equate to active concealment of Capstone Credit's role in the case.  *See, e.g., Kearns Motor Co. v. Cimino (In re Dreiling)*, 233 B.R. 848, 878 (Bankr. D. Colo. 1999) (noting that "active concealment can include efforts by the debtor and/or the defendant to mislead the trustee through false responses to discovery, or by making assurances that the subject transaction is not unusual nor suspicious.") (citation omitted); *In re Hansen*, 114 B.R. 927, 930 (Bankr. N.D. Ohio 1990) ("Traditionally, the accrual of a cause of action is tolled by the equitable tolling doctrine when a plaintiff can demonstrate the fraudulent concealment of critical facts.").  Finally, in asserting that Capstone actively mislead her, the Trustee does not account for the fact that the UCC Financing Statement is publicly filed.  It identifies Capstone Credit as a creditor with an interest in "[a]ll assets of the Debtor" as:

> PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN, THE FURTHER ENCUMBERING OF WHICH MAY CONSTITUTE TORTIOUS INTERFERENCE WITH SECURED PARTY'S RIGHTS BY SUCH ENCUMBERANCE. IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTOR'S ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.

*See* Reply, Exhibit A.  The Court finds that the Trustee has failed to demonstrate that there are facts that, if established, show that Capstone Credit engaged in an affirmative act of concealment

11

such that the Trustee was unable to discover the facts underlying Count 1 before the expiration of the statute of limitations. *See McColley v. Rosenberg* (*In re Candor Diamond Corp.*), 76 B.R. 342, 351 (Bankr. S.D.N.Y. 1987) (rejecting application of equitable tolling where court "reviewed the subject claim and the record and discerns no evidence or reference to any affirmative acts of fraudulent concealment committed by the debtor at any time. There has been no showing in the record that the debtor actively participated in any of the alleged wrongdoings of his two partners.").

"To establish the propriety of equitable tolling based on self-concealing fraud, plaintiff's due diligence in attempting to discover the fraud is imperative." *Matter of the Mediators*, 190 B.R. at 525 (internal quotation marks omitted) (citation omitted). Equitable tolling is a fact-based doctrine. In assessing whether the Trustee has demonstrated that she satisfies the second prong to that doctrine, the Court considers whether the facts she alleges in support of her claim, considered in the light most favorable to her, show that she has diligently sought the information about Capstone Credit that she says was withheld from her. The Court finds that she has met that burden. She contends that neither the documents she obtained from the Debtor, nor the thousands of pages of documents produced by certain of the defendants in response to her Rule 2004 discovery requests, includes a document purporting to grant Capstone Credit a security interest in the Debtor's assets. Moreover, she correctly notes that the UCC Financing Statement does not include a security agreement. Under the facts of this case, the Trustee has demonstrated that she diligently sought information relating to the Debtor's accounts receivables. On the facts before the Court at this time, the Trustee had no reason to attach special significance to the UCC Financing Statement, and she utilized reasonable diligence to discover potential claims against Capstone Credit. Therefore, the Court finds that the Trustee has alleged sufficient

12

facts to show that she may utilize the doctrine of equitable tolling and denies the Motion to the extent that it seeks to dismiss Count 1 against Capstone Credit.

### Eighteenth Claim for Relief

In Count 18, the Trustee alleges that the Insider Defendants all misappropriated and converted the Debtor's assets and business, including the accounts receivable, as alleged in Counts 10, 11, 14, 15, 16, and 17, and that the Capstone Defendants aided and abetted such actions.  Amended Complaint ¶¶ 203-209.

### Arguments of the Parties

New York's statute of limitations for a conversion claim, or aiding and abetting a conversion claim, runs three years from the date the claim becomes enforceable, *i.e.*, when all the elements of the claim can be truthfully alleged in a complaint.  *See Midwest Mem'l Grp., LLC v. Int'l Fund Servs. (Ireland) Ltd.*, No. 10 CIV. 8660 PAC, 2011 WL 4916407, at *3 (S.D.N.Y. Oct. 17, 2011).  The Capstone Defendants allege that the majority of the acts of conversion occurred more than three years before the filing of the Amended Complaint (*i.e.*, February 26, 2021), and therefore to the extent that the underlying conversions occurred prior to February 26, 2018, the Trustee cannot recover against Capstone Credit under Count 18.  *See* Objection at 9.  The Capstone Defendants do not seek to dismiss Count 18 on statute of limitations grounds as to Capstone Capital.

In response, the Trustee argues that the "relation back doctrine" under N.Y. CPLR § 203 applies if the following three circumstances are satisfied:  "(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new

party knew or should have known that, but for an excusable mistake by plaintiff as to the identity

of the proper parties, the action would have been brought against him as well." *Buran v. Coupal*,

87 N.Y.2d 173, 178, 661 N.E.2d 978 (1995). She says that the doctrine is applicable herein, and,

as such, the claims against Capstone Credit in the Amended Complaint will relate back to the

statute of limitations applicable to Capstone Capital (*i.e.*, three years before the filing of the

Original Complaint on August 20, 2019).

      The Trustee argues that the first factor is satisfied because the "claims all arise from the

same wrongful conduct of the Insider Defendants in misappropriating and converting the

Debtor's business, customers and assets as alleged in the tenth, eleventh, fourteenth, sixteenth

and seventeenth claims for relief in the Amended Complaint." Opposition at 8. With regard to

the second factor, the Trustee argues that the Amended Complaint has set forth that Capstone

Capital and Capstone Credit are united in interest, because it alleges that they are engaged in the

same type of business, affiliated, and united in interest. *Id*. The Trustee asserts that since

Capstone Capital and Capstone Credit have the same CEO, Capstone Credit was certainly aware

of the claims asserted against Capstone Capital in the original complaint, and that the Capstone

entities' defenses will stand or fall together. *Id*. The Trustee also argues that much of the

alleged conduct occurred within three years of the filing of the Amended Complaint. *See id.* at

9-11. For instance, many of the allegations involve sales within the three years of the filing of

the complaint, and the Trustee alleges that every new sale constituted a wrong and additional

damages to the Debtor. *Id.* at 10.

      In the Reply, the Capstone Defendants do not substantially address the Trustee's

arguments on the relation back doctrine, except to assert that, on the facts alleged in support of

the Amended Complaint, the doctrine does not apply, and to re-emphasize that certain of the

alleged conduct occurred outside of the three-year statute of limitations window, and that claims

for aiding and abetting the Individual Defendants' alleged conversions prior to February 26,

2018 are time barred.  Reply at 9.

### Analysis

The "relation back doctrine" originates with NY CPLR § 203, which states:

> A claim asserted in an amended pleading is deemed to have been interposed at the
> time the claims in the original pleading were interposed, unless the original
> pleading does not give notice of the transactions, occurrences, or series of
> transactions or occurrences, to be proved pursuant to the amended pleading.

NY CPLR § 203(f).  Under the statute, "the salient inquiry in deciding whether an otherwise

untimely claim in an amended pleading relates back to a timely commenced action is not

whether defendant had notice of the *claim,* but whether, as the statute provides, the original

pleading gives notice of the transactions [or] occurrences . . . to be proved pursuant to the

amended pleading."  *O'Halloran v. Metro. Transp. Auth.*, 154 A.D.3d 83, 86, 60 N.Y.S.3d 128,

131 (2017) (citations and internal quotation marks omitted).

In applying the statute to add a new party to a lawsuit there is a three-part test:

> (1) both claims arise out of the same conduct, transaction or occurrence, (2) the
> new party is "united in interest" with the original defendant, and by reason of that
> relationship can be charged with such notice of the institution of the action that he
> will not be prejudiced in maintaining his defense on the merits and (3) the new
> party knew or should have known that, but for a mistake by plaintiff as to the
> identity of the proper parties, the action would have been brought against him as
> well.

*Graves v. Brookdale Univ. Hosp. & Med. Ctr.*, 66 Misc. 3d 1229(A), 2020 WL 1057485 at *2

(N.Y. Sup. Ct. 2020) (applying test from *Buran v. Coupal*, 87 N.Y.2d 173, 178, 661 N.E.2d 978

(1995)).

There is little case law analyzing whether claims arise out of the same conduct or

transaction.  *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 586 (E.D.N.Y. 2017) ("The

first prong of the *Buran* test—same occurrence—is easily applied and rarely litigated."). The

court considered that factor in *Graves v. Brookdale*, 2020 W.L. 1057485 at *2. There, a plaintiff

originally sued the hospital for medical malpractice and wrongful death, but then added other

defendants, including a Dr. Chaudhry. In addressing Dr. Chaudry's objection to the application

of the relation back doctrine, the court noted that the complaint broadly alleged multiple dates of

negligence by multiple unnamed parties. *Id*. In contrast, the only involvement of Dr. Chaudry

was that he was called in for a consult at some point during the treatment. *Id.* In analyzing the

first prong, the court stated:

> Given the general and conclusory language used in the complaint, if a very broad
> definition is likewise used to describe "the same conduct, transaction or
> occurrence," then almost anything that happened to, and anyone who had contact
> with, the decedent during her 26 day stay at Brookdale Hospital would be
> included. Such a broad definition would inevitably include Dr. Chaudhry's limited
> role in the treatment of decedent. This Court is not so convinced that the Court of
> Appeals in *Buran* intended such a broad definition, but of course there are still
> two more parts under *Buran* that should help resolve the issue at hand.

*Id.* While the court struggled with defining the scope of whether the claim arose from the "same

conduct," the court ultimately found that the plaintiff did not meet the other two factors, and

therefore the relation back doctrine did not apply. *Id.* at *3.

Under the second prong of the relation back doctrine, the "question of unity of interest is

to be determined from an examination of (1) the jural relationship of the parties whose interests

are said to be united and (2) the nature of the claim asserted against them by the

plaintiff." *DaCosta v. City of New York*, 296 F. Supp. 3d at 586 (citations omitted). For

instance, "[t]he most frequently cited relationship creating a unity of interest is vicarious

liability, such as between an employer and employee or a corporation and its

agents." *Id.* However, even when parties do not have a strict unity of interest, it is enough to

show a "practical unity of interest," such as an indemnification obligation between the

16

parties. *See id.* (noting that New York City and its police officers have a unity of interest). Further, "[t]wo parties are united in interest when, 'because of some legal relationship between [them,] they necessarily have the same defenses to the plaintiff's claim, [and] they will [therefore] stand or fall together.'" *Connell v. Hayden*, 83 A.D.2d 30, 43, 443 N.Y.S.2d 383, 393 (2d Dep't 1981) (citing *Prudential Ins. Co. of Am. v. Stone*, 270 N.Y. 154, 159, 200 N.E. 679 (1936)).

Finally, under the third prong, courts focus on "whether the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well. Whether this prong is met often turns on interpretation of the word 'mistake.'" *DaCosta v. City of New York*, 296 F. Supp. 3d at 587 (citations omitted). For instance, the "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Id.* (citations omitted).

A fundamental question is whether "the original pleading gives notice of the transactions [or] occurrences . . . to be proved pursuant to the amended pleading." *O'Halloran v. Metro. Transp. Auth.*, 154 A.D.3d at 86. In the Amended Complaint, the Trustee has added additional detail to the facts alleged in the Original Complaint, with respect to the Capstone Defendants' knowledge regarding the conversions allegedly perpetrated by the other defendants. However, the basic underlying allegations remain the same—with the assistance of Capstone Capital (and now, Capstone Credit), a vast majority of the assets and accounts of the Debtor were converted and given to other entities by the other defendants.

In assessing whether the Amended Complaint pleads facts demonstrating that the claims alleged against Capstone Credit in the Amended Complaint arise from the same "conduct,

17

transaction or occurrence" as those alleged against Capstone Capital, the Court notes that the alleged aiding and abetting by the Capstone Defendants came in different forms—Capstone Capital entered into the SRA while Capstone Credit factored the related accounts.  Further, in applying that factor here, there is a danger, as referenced in *Graves v. Brookdale*, of expanding the scope of this factor until it becomes inclusive of anything in relation to the alleged actions of the Debtor and other defendants.  However, the alleged bad acts of the other defendants in the Amended Complaint are as they were in the Original Complaint—the principal difference in the two complaints is that Capstone Credit is now a party, and the Trustee has added details regarding the knowledge of the Capstone Defendants.  Overall, the Court views this as a close question, but cognizant that it is ruling on a motion to dismiss and must assume the truth of the Trustee's asserted allegations, the Court finds that the claims alleged against the Capstone Defendants in Count 18 arise from the "same conduct, transaction or occurrence."

Parties do not have to occupy identical roles in order to be "united in interest."  *See, e.g., Strada v. City of New York*, No. 11-CV-5735 MKB, 2014 WL 3490306, at *8 (E.D.N.Y. July 11, 2014) (on a motion to dismiss, finding that the city and a police officer were "united in interest"). The Amended Complaint provides that "Capstone Credit and all other affiliates of Capstone Capital are united in interest with Capstone Capital with respect to all of the claims asserted herein.  Capstone Credit is named as an additional Defendant in this Amended Complaint because the Trustee was unaware of its involvement in the matters alleged hereinafter until after the original complaint in this action was filed."  Amended Complaint ¶ 15.  Further, the Trustee argues that there is a unity of interest among the Capstone entities because "[t]he two Capstone Defendants have the same CEO" and because "[a]ny defenses that the Capstone Defendants may

18

have will either stand or fall together" as their interests are "blurred." Opposition at 9.[13]  As with

the first factor, solely on the basis of the current record, the Court finds that the Capstone

Defendants are "united in interest" with regard to Count 18.

On the basis of the current record, the Court finds that the Trustee has alleged facts, that

if proved, demonstrate that Capstone Credit knew, or should have known, that the Original

Complaint should have listed it as a party.  The Capstone Defendants have the same CEO, and

therefore both were well aware of the original allegations against Capstone Capital, as well as the

role of Capstone Credit with regard to the same companies.  Further, although the "failure to

identify individual defendants when the plaintiff knows that such defendants must be named

cannot be characterized as a mistake," here the Trustee alleges that she did not add Capstone

Credit to the original complaint because she "was unaware of its involvement in the matters

alleged hereinafter until after the original complaint in this action was filed."  *See DaCosta v.

City of New York*, 296 F. Supp. 3d at 587; Amended Complaint ¶ 15.  This is further supported

by the argument made by the Trustee at the hearing on the equitable tolling of Count 1, as such

alleged facts further show that the Trustee made efforts to acquire information but that, through

no fault of her own, did not discover the role of Capstone Credit.  Therefore, at least on the

current record, this is not a situation where the Trustee was aware that Capstone Credit should be

named but simply failed to do so.

As a consequence, the Court overrules the Motion to the extent that it seeks to dismiss

Count 18 as to Capstone Credit on statute of limitations grounds.  Given this decision, the Court

---

[13]    For the first time in oral argument, the Trustee also raised the argument that the Capstone Defendants are united
in interest because they are represented by the same counsel.  The Court does not find this fact to be relevant to
its analysis, as the same counsel may obviously represent parties that are not "united" with current clients, so long as
the interests of such parties do not directly conflict with those of its other clients.

does not reach the question of what claims in Count 18, if any, would survive if the relation back

doctrine was found to be inapplicable.

## Adequacy of the Pleadings

The Court now considers whether there are grounds for dismissing Count 18 against the

Capstone Defendants on the basis that it fails to meet the pleading standards of Rule 12(b)(6).

### Arguments of the Parties

The Capstone Defendants begin with the principle that, to plead a claim of aiding and

abetting, the Trustee must allege facts showing "(1) the existence of a violation by the primary

wrongdoer; (2) knowledge of the violation by the aider and abettor; and (3) proof that the aider

and abettor substantially assisted the primary wrongdoer."  Objection at 10 (citing *Chemtex, LLC*

*v. St. Anthony Enterprises, Inc.*, 490 F. Supp. 2d 536, 546 (S.D.N.Y. 2007)).  They note that the

Previous Ruling dismissed similar aiding and abetting claims against Capstone Capital on the

basis that the Trustee failed to provide more than conclusory allegations regarding whether

Capstone Capital had knowledge of the alleged underlying violations.  *Id.* at 11.  Here, they do

not address the first of the three factors, except to note that they do not concede, and reserve all

rights, as to whether the Trustee has adequately pleaded facts showing the existence of primary

violations.  *Id.* at 11 n.4.  They assert that the Trustee has failed to allege facts in support of the

second factor because the Amended Complaint merely repackages her previous conclusory

allegations of knowledge, and that the Amended Complaint is "devoid of facts that establish

either Defendants' actual knowledge of the purported conversions."  *Id.* at 12.  The Capstone

Defendants argue that the Trustee has not satisfied the third element of an aiding and abetting

claim, namely, how either Defendant "substantially assisted" the primary wrongdoer, *i.e.*, the

Insider Defendants, in such conversion.  Objection at 15 (citing *Chemtex, LLC v. St. Anthony*

20

*Enterprises, Inc.*, 490 F. Supp. 2d at 546).  Most fundamentally, they argue that the Trustee's

allegation that the Capstone Defendants substantially contributed to the purported conversion by

"financing the operations" of On Five and Liaison Apparel is "woefully insufficient." *Id.* at 15.

For instance, they argue that the Trustee fails to show how providing financing in the ordinary

course assisted On Five and Liaison Apparel in their alleged conversion of the Debtor's assets, or

to allege how such financing was allocated to aid or fund the alleged conversions. *Id.*

In response, the Trustee notes that a complaint cannot be dismissed under Rule 12(b)(6)

unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Opposition at 11-12 (citing *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957)).  Like the Capstone Defendants, she does not address the first factor except to

claim that it has already been met by this Court's previous Insider Opinion. *Id.* at 13.  With

regard to the second factor, the Trustee alleges that she has provided numerous detailed

allegations that the Defendants must have had actual knowledge and, to the extent that the

Capstone Defendants argue that additional evidentiary facts are not proven, there is no

requirement to do so. *Id.* at 13-17.  Finally, the Trustee asserts that the Capstone Defendants

financed the business conducted by On Five and Liaison Apparel, and that the misappropriations

and conversions were achieved by that financing. *Id.* at 17.   As such, the Trustee alleges that

she has shown that the Capstone Defendants substantially assisted the primary wrongdoers. *Id.*

In the Reply, the Capstone Defendants note that the Court's Insider Opinion merely

found that the Insider Defendants didn't adequately contest the relevant claims for relief, and

therefore did not find that the underlying allegations were adequately pleaded. *See* Reply at 10.

However, once again the Capstone Defendants did not separately analyze these claims.  With

regard to the second factor, the Capstone Defendants allege that the Trustee did not meaningfully

show actual knowledge, noting that "[t]he Amended Complaint, and Objection, are littered with

the phrases 'Defendants would have known' or 'Defendants must have known', without alleging

any facts to show that Defendants actually knew about the alleged conversions." *Id.* Therefore,

"[t]hese allegations fall well short of establishing Defendants' actual knowledge of any alleged

conversion." *Id.* at 12. With regard to the third factor, the Capstone Defendants reiterate their

point that it is unclear how the financing, provided in the ordinary course, was allocated to aid

and/or fund the alleged conversions. *Id.*

### Analysis

To state a claim for aiding-and-abetting a plaintiff must plead: "(1) the existence of a

violation by the primary wrongdoer; (2) knowledge of the violation by the aider and abettor; and

(3) proof that the aider and abettor substantially assisted the primary wrongdoer." *Chemtex, LLC

v. St. Anthony Enterprises, Inc.*, 490 F. Supp. 2d at 546. Neither party has provided anything but

cursory allegations regarding the existence of a primary violation, either in the papers or in their

argument at the hearing. Although the Trustee alleges that this factor was already established by

the Court's Insider Opinion, the Capstone Defendants rightly note that is an overstatement of this

Court's opinion. However, the Capstone Defendants likewise fail to provide anything but the

conclusory statement that the primary violations have not been shown. In the absence of any

substantial argument from any party, and solely in the context of the Motion, the Court finds that

this factor weighs in favor of the Trustee. *See Muhammad v. New York City Transit Auth.*, 450

F. Supp. 2d 198, 202 (E.D.N.Y. 2006) (stating that the movant bears the burden of proof to show

entitlement to dismissal).

Next, the Court finds that the Trustee has pleaded knowledge of the alleged conversion on

the part of the Capstone Defendants in sufficient detail. As noted in the Previous Ruling, in the

Original Complaint the Trustee merely stated that Capstone Capital had knowledge of a

continuous plan or scheme by the other defendants, and in her opposition to the motion to

dismiss stated that "Capstone must have known of the [fraudulent] activities because of its own

dealings with the same small workforce for On Five and the Debtor, and its knowledge of the

lengthy Sales Process that made origination and consummation of sales to Customers impossible

by any start-up company such as On Five or Liaison Apparel."[14]  The Court found that these

statements were not sufficient, and that in any case a pleading could not be used to supplement

the allegations in a complaint.[15]  In contrast, the Amended Complaint provides specific detail

regarding the type and degree of knowledge of the Capstone Defendants, which centers around

the information they allegedly knew by virtue of their involvement in the SRA and the factoring

of the Debtor's accounts.  For instance, the Amended Complaint states that :

- The Capstone Defendants did business with the same small group of personnel who first acted on behalf of the Debtor and then on behalf of On Five and Liaison Apparel. Amended Complaint ¶ 206(a).

- The Capstone Defendants had actual knowledge of the Debtor's customers and were aware that the Insider Defendants were diverting contracts and business from the Debtor, in part by changes to the invoices that were later factored by Capstone Credit. *Id.* ¶¶ 206(b), (c).

- The Capstone Defendants knew that the Debtor had the sole right to sell Tahari branded products, but that such products were later sold by On Five.  *Id.* ¶ 206(d).

- Capstone Capital provided information to a bank necessary to allow the payment of certain funds that improperly were used to fund On Five's payroll.  *Id.* ¶ 206(e).

- The Capstone Defendants, in the ordinary course, had to perform due diligence on Liaison Apparel and On Five, and therefore would know that they were startup companies with no experience or assets.  *Id.* ¶ 206(f).

- The Capstone Defendants had knowledge of the time to complete all steps of a sale process, so knew that Liaison Apparel was appropriating valuable work in progress,

---

[14]   Previous Ruling at 38.

[15]   *Id.*

23

> particularly in light of the fact that the same party signed relevant work documents for
> both the Debtor and Liaison Apparel. *Id.* ¶ 206(g).

As the Capstone Defendants rightly point out, some of these allegations merely repeat and

expand on the limited facts pleaded in the Trustee's filings with regard to the Original Complaint

(as noted above, the Original Complaint contained no allegations of knowledge at all). However,

taken as a whole, the Court finds that such facts are sufficient to withstand the Motion. Further,

while the Capstone Defendants challenge some of the alleged facts, many of these challenges go

to evidentiary issues or to the weight of the allegations. For instance, the Capstone Defendants

claim that the allegations that On Five didn't have the right to sell Tahari branded products is

incorrect and complain that the Amended Complaint does not directly cite to the exact wording

of certain referenced correspondence between the parties. *See* Reply at 14. While these issues

may later be relevant in a summary judgment context, here the Court merely needs to ascertain

whether the Trustee has adequately pleaded Count 18. *See Ashcroft v. Iqbal,* 556 U.S. at 678

(stating that the plaintiff must plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged"). Therefore, at least on a

motion to dismiss basis, the Capstone Defendants have failed to show that the Trustee has not

adequately alleged that the Capstone Defendants had knowledge of the underlying actions of the

other defendants.

With regard to the third factor, as noted by the Trustee, the Amended Complaint alleges

that the Capstone Defendants financed the business conducted by On Five and Liaison Apparel,

and that the misappropriations and conversions were achieved by that financing. As such, the

Trustee alleges that she has met the third factor to show that the Capstone Defendants

substantially assisted the primary wrongdoers. Opposition at 17. This showing is sufficient.

Although the Capstone Defendants allege that the Amended Complaint does not properly show

24

how they assisted in any wrongdoing, the Trustee's allegation is simply that all the actions of the

Capstone Defendants pursuant to the SRA and the factoring agreements effectively assisted in

the conversions perpetrated by the Insider Defendants.  Perhaps later factual development will

show that such actions did not in fact assist the Insider Defendants, but the allegation has been

sufficiently pleaded.  Therefore, solely on a motion to dismiss basis, the Capstone Defendants

also fail to show that the Trustee has not met the third factor for aiding and abetting conversion.

Therefore, the Court denies the Capstone Defendants' Motion to dismiss Count 18 under

Rule 12(b)(6).

## **Conclusion**

Based on the foregoing analysis, the Court denies the Motion.

IT IS SO ORDERED.

Dated: May 17, 2021
   New York, NY

                                  /s/ *James L. Garrity, Jr.*
                                  Honorable James L. Garrity, Jr.
                                  United States Bankruptcy Judge